The Fort Scott, Wichita & Western Railroad Company v. E. T. Holman.

Railroad Company, *Killed a Steer — Sufficient Demand for Damages.* Where the owner of a steer, killed by a railroad company in the operation of its trains, makes out a bill in writing, stating an account in favor of himself, and against the company, for the value of the animal killed, giving the date of the accident, and presents said bill to the company within thirty days from the date of the accident, *held*, in an action for the recovery of the value of the steer, that the making and delivery of said bill is a sufficient demand upon the company for the value thereof.

*Error from Bourbon District Court.*

THE opinion states the case. Judgment for plaintiff *Holman*, at the May term, 1888. The defendant *Company* brings the case here.

*J. H. Richards*, and *C. E. Benton*, for plaintiff in error.

*Humphrey & Hudson*, and *J. S. West*, for defendant in error.

Opinion by STRANG, C.: This was an action by the plaintiff below to recover as damages the value of a steer killed by the cars of plaintiff company. It is admitted that the steer was killed by the cars of the company under such circumstances as would render it liable, if the demand for damages is held sufficient. It is also admitted that the value of the steer was $25. The demand was in writing upon a form furnished by the railroad company, and denominated a "stock application." It was filled up as follows, and presented to said company in due time under the law:

"St. Louis, Fort Scott & Wichita Railroad Company, to E. T. Holman, of Bronson, Kansas, Dr.:

"For the following animals killed by the locomotives and cars of said company on its railroad track: Date of accident, Oct. 6th, 1887. Description, one red steer. Value, $25."

To which was annexed a statement of the purpose of the company, and a series of questions, which were answered by the claimant, the whole of which was verified by him. Does such a statement of a claim amount to a demand? We think it does. It is denominated a stock application, but is it not rather an application for payment for stock injured by the train of the company? Its form shows it is. If it is an application for compensation, by the owner thereof, for stock injured by cars of the company, and it is filled up and delivered to the company by the applicant, is not that a sufficient demand of payment for his stock? We do not see how a better demand could be made. It notifies the company of the injury to the owner's steer, its value, the date of the accident, and says the company is indebted to him therefor. The form of claim furnished by the company and used in this case contains the following printed statement:

"It is the desire of this company, after satisfactory investigation, to pay the reasonable value of all stock killed, where a meritorious claim is made out, and it is not deemed improper to ask a claimant to answer the following interrogatories on presenting a claim, and make oath thereto."

We see no difference between a claim of payment for stock

killed, and a demand for payment therefor. "It is not deemed improper to ask a claimant to answer the following interrogatories on presenting a claim." On presenting a claim for what? For the value of stock killed. When are the interrogatories to be answered? On presenting a claim, that is, on making a demand. Then follow the questions submitted by the company for the purpose of eliciting information relating to the accident and the claim founded thereon, which are to be answered by the owner in connection with the demand. The character of the form used, when fully analyzed and considered, satisfies us that it was prepared by the company with a view of being filled up and presented as a claim, or demand, by the owner thereof, for the value of the stock injured by the company in the operation of its trains — the object of the company in furnishing the form being to secure, in connection with the demand, information that would assist it in looking up the claim to determine whether or not to pay it. At any rate, we think the claim as presented amounted to a demand.

Another claim made by the plaintiff in error is, that the court erred in fixing the amount of the attorney's fee at $45. The defendant in error answers this claim by saying it may be disposed of by remitting $10 of the attorney's fee as found by the court. This offer to remit a portion of the attorney's fee in this court imposes the costs of this court upon the defendant in error.

It is therefore recommended that the judgment of the district court be affirmed, upon the condition that the defendant in error remits $10 of the attorney's fee and pays the costs of this court.

By the Court: It is so ordered.

All the Justices concurring.